# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| MARCUS KING, | |
|                  Plaintiff, | 2:20-cv-00117-RFB-VCF |
| vs. | **ORDER** |
| M1 SUPPORT SERVICES, L.P. | Plaintiff's Motion for Leave to Amend Complaint [ECF No. 29] |
|                 Defendant. | |

Before the Court is plaintiff Marcus King's motion for leave to amend the complaint (ECF No. 29). The Court grants the motion: plaintiff has seven days to file his amended complaint.

## I.        Background

Plaintiff King filed his motion for leave to amend almost three months late. (See ECF Nos. 15 and 29). Discovery in this case ends on October 19, 2020. (ECF No. 36). Plaintiff brings claims against the defendant for M1 Support Services, L.P., his former employer, for disability discrimination, failure to accommodate a disability, Family Medical Leave Act retaliation, and wrongful termination. (ECF No. 1-1 at 2).

 Plaintiff now seeks leave to file a first amended complaint because he claims he learned new facts in discovery, and he wishes to add new claims for breach of contract and promissory estoppel. (ECF No. 29 at 3). Plaintiff argues that a witness, a former human resources employee for defendant M1, testified in a sworn declaration that M1's progressive discipline policy had been applied differently to other employees. (*Id.* at 3-4).

Defendant M1 argues in its response that King's motion should be denied as untimely. (ECF No. 32 at 2). Defendant also argues that plaintiff's proposed amendment is futile. (*Id*.)  King argues in his reply that he has good cause to seek an amendment now because defendants did not previously disclose the information regarding how M1 applied the progressive discipline policy to other employees. (ECF No. 34 at 2).

## II. Discussion

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has found that a court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made. *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985).  The standard for good cause under Rule 16(b) requires the court to evaluate the movant's diligence in attempting to meet the order's requirement and seeking to amend. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

"Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp*., 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc*., 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig*., 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal.

2008).

Plaintiff has not previously sought leave to amend the complaint. The Court notes that the plaintiff filed its motion for leave to amend after the amended pleading deadline. King diligently filed his motion for leave to amend soon after he learned of the sworn statements from M1's former human resources employee. There is no evidence that plaintiff's proposed amendment is made in bad faith or for the purpose of undue delay because the parties recently agreed to extend discovery and the two new claims relate back to the transactions and occurrences in the original complaint. The defendant will not be prejudiced by the amendment because defendant can still take discovery regarding the new claims, and plaintiff's new claims are closely related to the claims in the original complaint. The Court finds that the defendants' futility arguments would be better addressed through a motion to dismiss or for summary judgment, given that the new claims are reasonably related to plaintiff's original claims. The plaintiff has shown good cause to amend his complaint.

Accordingly,

IT IS ORDERED that plaintiff King's motion for leave to amend its complaint (ECF No. 29) is GRANTED.

IT IS FURTHER ORDERED that plaintiff has until Friday, September 11, 2020 to file his amended complaint.

IT IS SO ORDERED.

DATED this 4th day of September 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE